

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY 22  AM 7: 42

LORETTA G. WHYTE
CLERK

*Carter K. D. Guice, Jr.*
*Assistant U. S. Attorney*
*Criminal Division*

*Hale Boggs Federal Building*
*500 Poydras Street, Second Floor*
*New Orleans, LA  70130*

*Telephone: (504) 680-3072*
*Fax (504) 589-4510*

March 31, 2006

Honorable Stanwood R. Duval, Jr.
United States District Judge
Eastern District of Louisiana
500 Poydras Street, Room C368
New Orleans, Louisiana  70130

   Re: United States v. Trynitha Fulton
     <u>Criminal Case No. 04-378 "K"</u>

Dear Judge Duval:

   In compliance with the holding of <u>Bryan v. United States</u>, 492 F.2d 775 (1974) and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Trynitha Fulton, defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Laurie White, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

   The Government has filed an Indictment against the defendant, Trynitha Fulton, and others charging her with violating Title 18, United States Code, Sections 1951 and 2, Conspiracy and Hobbs Act Extortion Involving a Public Official. The government will allow the defendant to plead guilty as charged and agrees that it will not bring any other charges in the Eastern District of Louisiana arising from defendant's fraudulent scheme concerning illegal payments from the Orleans Parish Public School System.

   The defendant further understands that the maximum statutory penalty defendant may receive should his plea of guilty be accepted as to 18 U.S.C. § 1951 is five (5) years imprisonment and/or a fine of $250,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under 18 U.S.C. § 3571.

   It also is understood that the Court will comply with the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code. The defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

   Further, the defendant understands that a mandatory special assessment fee of $100.00 per count, for a total of $200.00, shall be imposed under the provisions of Section 3013 of Title 18,

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of up to 3 years for both counts pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

Further, the defendant, by entering this plea, agrees that the sentencing judge can find, by a preponderance of the evidence, any fact which is relevant to determining punishment pursuant to the Sentencing Guidelines. The defendant waives any right to have such facts: 1) charged in the indictment; 2) found by a jury, or 3) proven beyond a reasonable doubt. The defendant agrees that the sentencing judge may impose the maximum term of imprisonment and/or fine up to and including the statutory maximum sentence applicable under the Sentencing Guidelines.

This plea agreement is predicated upon the fact that the defendant agrees to submit to interviews whenever and wherever requested by law enforcement authorities. The defendant understands she must be completely truthful. The defendant also agrees to appear before any Grand Jury or trial jury and to testify truthfully. The defendant understands if she is not truthful, this agreement will be null and void and defendant may be prosecuted for perjury or making false statements. The defendant agrees neither to implicate anyone falsely nor to exculpate or protect anyone falsely. The defendant further agrees to immediately advise the Government as to any person defendant believes to be violating the law and defendant agrees to assist the Government with regard to the investigation and prosecution of criminal conduct.

The Government agrees to bring to the attention of the Court any cooperation rendered by the defendant prior to sentencing. The United States may, but shall not be required to make a motion requesting the Court to depart from the sentencing guidelines in the event the defendant provides "substantial assistance". It shall be in the sole discretion of the United States Attorney as to whether a motion requesting departure from the sentencing guidelines should be filed.

The Government also agrees that any statements or testimony given by the defendant pursuant to questions asked by federal agents or prosecutors as a result of this agreement will not be used against the defendant nor will anything derived from the statements or testimony be used against the defendant except for the purpose of impeachment. However, all parties understand that

any statements or testimony given by the defendant can be used as leads or for any other reason against other persons. Further, the defendant fully understands that should she commit perjury or give false statements to federal agents, the statements and testimony can be used to prove those offenses, and he faces additional criminal charges.

The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in any assets or interest in assets, including but not limited to cash assets, negotiable instruments, securities, property or other things of value, including any and all property which has been transferred or sold to or deposited with any third party, known or unknown by the defendant for a period of not less than 10 years prior to the date of the signing of this agreement that were involved in, used in, intended for use in, or obtained through, the illegal activities involved herein, as well as any asset, interest, or proceeds defendant received or could receive or cause to be received by a third party in the future, directly or indirectly, in whole or in part, from defendant's illegal activities.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant additionally understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release.

The defendant further agrees to submit to interview whenever and wherever requested by law enforcement authorities regarding all assets within her possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500 (attached), and to provide the attached list of documents. The defendant understands this information may be provided to a representative of any victim of this offense.

Except as otherwise provided in this paragraph, the defendant hereby expressly waives the right to appeal her sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on the defendant, and the defendant further agrees not to contest her sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum, and (b) any punishment to the extent it constitutes an upward departure from the Guideline range deemed most applicable by the sentencing court.

The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

JIM LETTEN
UNITED STATES ATTORNEY

CARTER K. D. GUICE, JR.
Assistant United States Attorney


*N/A*

G. DALL KAMMER
Assistant United States Attorney


LAURIE WHITE, Esquire
Attorney for the Defendant
Date: May 17, 2006

TRYNITHA FULTON
Defendant
Date: May 17, 2006